IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **INTERNET TRANSACTION SOLUTIONS, INC.,** | : | |
| | : | **Case No. 2:06-CV-035** |
| Plaintiff, | : | **Judge Holschuh** |
| v. | : | **Magistrate Judge Abel** |
| **INTEL CORPORATION,** | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Internet Transaction Solutions, Inc. ("ITS"), an Ohio corporation, filed this declaratory judgment action against Defendant Intel Corporation ("Intel"), a company with its principal place of business in California, seeking a declaration that ITS's use of the service mark "ePayments Inside" does not infringe or dilute Intel's trademark "Intel Inside." This matter is currently before the Court on Intel's motion to dismiss the action or, in the alternative, to transfer it to the Northern District of California where Intel has filed suit against ITS. (Record at 6). For the reasons stated below, Intel's motion to dismiss is granted.

**I.    Background**

On December 9, 2005, Intel, a leading manufacturer of computer microprocessors, learned that ITS, a company that provides electronic payment processing services, had filed an application with the United States Patent and Trademark Office seeking to register the service mark "ePayments Inside." On December 22, 2005, counsel for Intel sent a letter to ITS alleging that ITS's service mark infringed or diluted the distinctive quality of Intel's trademark "Intel Inside." The letter stated:

> While we take this matter seriously, we would prefer to resolve this matter amicably.  The resolution we have in mind involves Internet Transaction Solutions permanently ceasing use of, if any, and abandoning its application for "ePayments Inside."  If we cannot reach an amicable resolution, Intel intends to take appropriate action to protect its trademark rights.
>
> I appreciate your consideration of this matter and ask that you respond or call me by January 13, 2006.

(Ex. B to Livingstone Decl.; Ex. to Mot. to Dismiss).

Intel heard nothing from ITS until January 13, 2006.  On that date, counsel for ITS notified counsel for Intel that ITS had file this action for declaratory judgment. (Ex. C to Livingstone Decl.).  Four days later, on January 17, 2006, Intel filed suit against ITS in the United States District Court for the Northern District of California, alleging various claims of trademark infringement, trademark dilution, false designation of origin, and unfair competition under federal law and the state laws of California, Texas, Missouri, and Georgia.

Then, on January 31, 2006, Intel moved to dismiss this declaratory judgment action. Intel notes that ITS made no effort to respond to the cease-and-desist letter or to negotiate an out-of-court settlement.  Intel contends that ITS instead raced to the courthouse to deprive Intel, the rightful and natural plaintiff in this dispute, of its choice of forum and to obtain a procedural and negotiating advantage.  Intel argues that, under these circumstances, the Court should decline to exercise jurisdiction over the declaratory judgment action.  In the alternative, Intel asks the Court to transfer this case to the Northern District of California to be consolidated with the broader, coercive action pending there.  ITS denies that it filed the declaratory judgment action for any improper purpose, and argues that, pursuant to the "first-to-file" rule, the Court must deny Intel's motion in its entirety.

**II.     Declaratory Judgment Act and the "First-to-File" Rule**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The purpose of the Act is to relieve potential defendants from the threat of impending litigation. See 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2751 (3d ed. 1998). While the Act *allows* the Court to exercise jurisdiction over a declaratory judgment action, it does not *require* the Court to do so. See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); Public Serv. Comm'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 241 (1952)(Declaratory Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant"); Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc., No. 00-3183, 2001 WL 897452, at **3 (6th Cir. July 31, 2001); AmSouth Bank v. Dale, 386 F.3d 763, 784 (6th Cir. 2004).

In this case, ITS seeks a declaration that its use of the mark "ePayments Inside" does not infringe or dilute Intel's trademark "Intel Inside." As noted earlier, just four days after ITS filed its declaratory judgment action, Intel filed suit against ITS in the Northern District of California, alleging numerous federal and state claims of trademark infringement, trademark dilution, false designation of origin, and unfair competition. Intel then moved to dismiss the declaratory judgment action.

ITS, however, argues that dismissal would be improper under the "first-to-file" rule. As the Sixth Circuit explained in Zide Sport Shop:

3

> The "first-to-file" rule is a well-established doctrine that encourages comity among federal courts of equal rank. The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, "the court in which the first suit was filed should generally proceed to judgment."

2001 WL 897452, at **3 (quotations omitted). Nevertheless, as Intel correctly notes, the first-to-file rule is not absolute. Just as the Court has discretion to entertain a declaratory judgment action, it also has discretion whether to apply the first-to-file rule. See Strategic Ambulance, Inc. v. Martinez, No. 1:05-cv-598, 2006 WL 462430, at *2 (S.D. Ohio Feb. 24, 2006)("Courts may dispense with the first-to-file rule if equity so requires."); Plating Res., Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999)(noting that the first-to-file rule should not be applied "too rigidly or mechanically").

> A plaintiff, even one who files first, does not have a right to bring a declaratory judgment action in the forum of his choosing. . . Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping.

Zide Sport Shop, 2001 WL 897452, at **3 (citing Tempco Elec. Heater Corp. v. Omega Eng'g, Inc., 819 F.2d 746, 749-50 (7th Cir. 1987)).

These factors overlap, to some degree, with the five factors the Court must consider in determining whether to exercise jurisdiction over a declaratory judgment action. Those five factors are: (A) whether the judgment would settle the controversy; (B) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (C) whether the declaratory judgment remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*"; (D) whether the use of a declaratory

action would increase friction between our federal and state courts and improperly encroach on state jurisdiction; and (E) whether there is an alternative remedy that is better or more effective. AmSouth, 386 F.3d at 785. In this case, a balance of all of these factors weighs in favor of dismissing this declaratory judgment action, and allowing Intel to proceed with its coercive suit in the Northern District of California.

    A.  **Whether the Judgment Would Settle the Controversy**

In its complaint, ITS seeks a declaratory judgment that its use of the service mark "ePayments Inside" does not constitute trademark infringement under 15 U.S.C. § 1051 *et seq.* or trademark dilution under 15 U.S.C. §§ 1125(c) and 1127. It is true that a judgment by this Court would settle the question of whether ITS violated these particular statutes. However, as Intel notes, it would not settle the entire controversy between the parties.

The coercive action filed by Intel in the Northern District of California includes an additional claim of false designation of origin under 15 U.S.C. § 1125(a). A judgment by this Court would not resolve that claim. Intel's complaint also includes claims of trademark infringement, trademark dilution, and unfair competition in violation of state law. Intel notes that while federal law requires "objective proof of actual injury to the economic value of a famous mark," Moseley v. V Secret Catalogue, 537 U.S. 418 (2003), California, Texas, Missouri and Georgia require the plaintiff to simply show a "likelihood of injury." Intel argues that because the standards are different, the declaratory judgment sought in this case would not necessarily resolve the state law claims.

ITS, on the other hand, argues that if this Court exercised jurisdiction over the declaratory judgment action, Intel could reassert the additional claims as counterclaims, making

it possible for this Court to resolve the entire controversy between the parties.[1] These same arguments were presented to the Sixth Circuit in AmSouth. The Court acknowledged the obvious merits of both arguments and simply concluded that this first factor "does not weigh heavily in favor of or against allowing these actions." 386 F.3d at 786. This Court agrees with that reasoning.

      **B.    Whether the Declaratory Judgment Action Would Serve a Useful Purpose in Clarifying the Legal Relations at Issue**

In one sense, the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue, at least with respect to the federal claims contained therein. However, several courts, including the Sixth Circuit, have noted that the usefulness of a declaratory judgment action is significantly curtailed once a subsequent, coercive suit is filed. See AmSouth, 386 F.3d at 788 ("where a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum -- a guarantee that cannot be given consonant with the policy underlying the Declaratory Judgment Act."); Tempco, 819 F.2d at 749 (holding that a declaratory judgment "would serve no useful purpose" because the right to a coercive remedy had accrued and defendant had filed a trademark infringement suit four days after the declaratory judgment action was filed).

      **C.    Whether the Declaratory Judgment Remedy Is Being Used Merely for the Purpose of "Procedural Fencing" or "To Provide an Arena for a Race for *Res Judicata*"**

---

[1] In support, ITS cites to Seattle Pacific Industries, Inc. v. Levi Strauss & Co., No. C97-1282D, 1997 WL 876921 (W.D. Wash. Dec. 12, 1997), in which the court held that where additional claims asserted in a subsequent suit can be asserted as counterclaims in the declaratory judgment action, there is no rationale for not following the first-to-file rule.

The third factor, and the key factor in this case, requires the Court to determine whether the declaratory judgment action was brought merely for the purpose of "procedural fencing" or to provide an arena for a race to the courthouse. This factor overlaps with many of the factors that the Sixth Circuit has indicated weigh against enforcement of the first-to-file rule. See Zide Sport Shop, 2001 WL 897452, at **3 (factors to be considered include "inequitable conduct, bad faith, anticipatory suits, and forum shopping"). In the Court's view, these considerations ultimately tip the balance against exercising jurisdiction over this declaratory judgment action.

This Court is again guided by the Sixth Circuit's opinion in AmSouth:

> Courts take a dim view of declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a "natural plaintiff" and who seem to have done so for the purpose of acquiring a favorable forum. Allowing declaratory actions in these situations can deter settlement negotiations and encourage races to the courthouse, as potential plaintiffs must file before approaching defendants for settlement negotiations, under pain of a declaratory suit.

386 F.3d at 788. See also NGS American, Inc. v. Jefferson, 218 F.3d 519, 522 (6th Cir. 2000) ("federal courts frown upon declaratory judgment actions brought for procedural fencing purposes").

Intel contends that it is the "rightful" and "natural" plaintiff in this dispute. According to Intel, ITS improperly anticipated Intel's filing of a trademark infringement action and raced to the courthouse to litigate the claims in a forum it viewed as more favorable, and to obtain a procedural and negotiating advantage. Instead of responding to Intel's cease-and-desist letter inviting settlement discussions, ITS, just prior to the response deadline set by Intel, filed this declaratory judgment action. Intel argues that, under these circumstances, it would be contrary to public policy for the Court to exercise its discretion to decide ITS's declaratory judgment

7

action. Intel argues that this would only encourage natural plaintiffs to sue first and talk later in order to preserve their choice of forum.

In support of its motion to dismiss, Intel cites to Eli's Chicago Finest, Inc. v. Cheesecake Factory, Inc., 23 F. Supp. 2d 906 (N.D. Ill. 1998). The Court agrees that this case is almost directly on point. The Court also agrees with the result and the reasoning contained therein. In Eli's, counsel for Defendant sent a letter to Plaintiff alleging trademark infringement with respect to names of certain desserts being sold by Plaintiff. The letter stated that unless Plaintiff notified Defendant within ten days that Plaintiff agreed to stop using the infringing names, Defendant planned to take legal action. Instead of responding to the cease-and-desist letter within the time allotted, Plaintiff filed a declaratory judgment action in Illinois asking the court to find that its use of the names did not infringe on Defendant's trademark rights. Five days later, Defendant filed a trademark infringement suit against Plaintiff in California, and then moved to dismiss the earlier-filed declaratory judgment action.

The Northern District of Illinois granted Defendant's motion to dismiss, declining to exercise jurisdiction over the declaratory judgment action. The court noted that Defendant had not engaged in ongoing accusations of infringement or made continual threats to take legal action. Instead, Defendant sent just one letter, requesting a response within ten days. Instead of responding to the letter, Plaintiff filed the declaratory judgment action "to secure this venue in anticipation of legal action by Defendant." Id. at 908. The court acknowledged the existence of the first-to-file rule, but found that because the declaratory judgment action was filed in order to preempt Defendant's trademark infringement suit, dismissal was warranted. The court noted that allowing such a preemptive strike "robs the natural plaintiff of his ability to select his forum."

Id. at 909. The court further noted that "prohibiting a 'race to the courthouse' encourages settlement and discourages costly duplicate litigation." Id.

ITS objects to Intel's reliance on Eli's because the court in Eli's relied heavily on Tempco. In Tempco, the court held that "[w]here, as here, the declaratory judgment action is filed in anticipation of an infringement action, the infringement action should proceed, even if filed four days later." 819 F.2d at 749. The court agreed that application of the first-to-file rule "would have the virtue of certainty and ease of application," but found that the cost of applying the rule -- encouraging "unseemly" races to the courthouse and the filing of numerous unnecessary suits -- was "simply too high." Id. at 750. ITS notes that some courts have refused to follow the Tempco decision. The Sixth Circuit, however, has cited Tempco with approval as recently as 2004. See AmSouth, 386 F.3d at 786, 788. See also Zides Sport Shop, 2001 WL 897452, at **3 (citing Tempco). Therefore, the Court rejects ITS's objection to Intel's reliance on Eli's.

Another unpublished case from within the Sixth Circuit is also instructive. In Pakideh v. Ahadi, No. 99-CV-74424-DT, 2000 WL 545896 (E.D. Mich. April 7, 2000), the plaintiff filed a declaratory judgment action in federal court instead of responding to defendant's demand letter within the allotted time. Defendant filed a coercive suit in state court four days later and moved to dismiss the declaratory judgment action. The court granted the motion, noting that courts often ignore the first-to-file rule, and will dismiss an earlier-filed declaratory judgment action "if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction" . . . or if it "is being used for the purposes of forum shopping, or the claims of all parties can be satisfactorily adjudicated in the other proceeding." Id. at *7-8

(quotations and citations omitted).  See also Emergency Dictation Serv., Inc. v. CBay Sys., Ltd., No. 05-72137, 2005 U.S. Dist. LEXIS 27507 (E.D. Mich. Oct. 25, 2005)(refusing to strictly apply first-to-file rule where plaintiff's declaratory judgment action "was an obvious anticipatory suit, likely for the purpose of securing Defendant's preferred forum").

ITS directs the Court's attention to the case of IntellApex, PLLC v. Intel Corporation, No. 1:05-cv-404, 2005 WL 2077371 (W.D. Mich. Aug. 26, 2005).  After Intel learned that IntellApex had filed a trademark application, it sent a letter demanding that IntellApex abandon its application.  This prompted a phone call from IntellApex.  Although the parties discussed the dispute, they did not reach an agreement.  IntellApex filed a declaratory judgment action the next day, and Intel filed an infringement suit approximately four weeks later.  Intel's complaint asserted claims not included in the declaratory judgment action.  As in this case, Intel moved to dismiss the declaratory judgment action or to transfer it to the district where the infringement action was pending.  The court denied Intel's motion, noting that there was no evidence that the declaratory judgment action was filed in bad faith or constituted procedural fencing, and that the additional claims filed in the infringement action could be asserted as counterclaims in the declaratory judgment action.  Id. at *2.  In this Court's view, IntellApex is factually distinguishable because, prior to filing the declaratory judgment action, IntellApex made some effort to resolve the dispute.  See id. (noting that the declaratory action was "prompted by Defendant's letter and Defendant's refusal to accept counter-suggestions by Plaintiff.").  In contrast, ITS made absolutely no effort to resolve the matter prior to filing the declaratory

10

judgment action.[2]

ITS next objects to Intel's claimed status as the "natural plaintiff." ITS argues that it was equally justified in filing the declaratory judgment action. Intel had threatened to take "appropriate action" if ITS did not agree to permanently cease its use of the service mark "ePayments Inside." ITS argues that because it was clear from the letter that Intel would accept nothing less than total capitulation, any efforts to otherwise resolve the matter would have been fruitless. Citing Kmart Corporation v. Key Industries, Inc., 877 F. Supp. 1048, 1054 (E.D. Mich. 1994), and Dakotah, Inc. v. Tomelleri, 21 F. Supp. 2d 1066, 1074-75 (D.S.D. 1998), ITS argues that, under these circumstances, there was no need to respond to the cease-and-desist letter prior to filing suit. But again, these cases are distinguishable because the parties had already attempted to resolve their differences prior to the date the letters demanding total capitulation were sent.

ITS denies that it acted in bad faith in filing the declaratory judgment action. To a large extent, the Court agrees that there is no evidence of bad faith. For example, ITS did not engage in any misleading conduct. See Kmart, 877 F. Supp. at 1053 (noting that such evidence of bad faith is a "critical" factor in deciding whether to dismiss an earlier-filed declaratory judgment

---

[2] ITS also cites to the case of Royal Queentex Enterprises, Inc. v. Sara Lee Corp., No. C-99-4787 MJJ, 2000 WL 246599 (N.D. Cal. Mar. 1, 2000). In that case, defendant mailed a cease- and-desist letter threatening suit if plaintiff did not immediately stop using the allegedly infringing trademark. The letter gave plaintiff fourteen days to respond. Instead of responding to the letter, plaintiff filed an action for declaratory judgment. Defendant later filed an infringement suit. While factually similar to the case at hand, Royal Queentex is procedurally distinguishable. Instead of moving to dismiss the declaratory judgment action, defendant moved to transfer it to the district where it had filed the infringement suit. Therefore, the court did not address the factors relevant to the declaratory judgment analysis.

action); Zide Sport Shop, 2001 WL 897452, at **4 (finding overwhelming evidence of bad faith where plaintiff had asked for extension of time to respond to settlement demand, then filed declaratory suit before the deadline); Plymouth Press, Inc. v. Klutz, Inc., No. 96-cv-73925-DT, 1997 U.S. Dist. LEXIS 12185 (E.D. Mich. June 24, 1997).  Nor did ITS rush to file its declaratory judgment action in order to defeat Intel's expressed plans to file an infringement action on a date certain in a different, less favorable forum.

      However, as one court has noted, the bad faith inquiry also encompasses "whether the suit preemptively foreclosed settlement opportunities."  IMS Health, Inc. v. Vality Tech., Inc., 59 F. Supp. 2d 454, 463 (E.D. Pa. 1999).  When a declaratory judgment action is filed "within the response period provided in a recent cease-and desist letter," it may be found that the plaintiff acted in bad faith.  See FMC Corp. v. AMVAC Chem. Corp., 379 F. Supp. 2d 733, 744 (E.D. Pa. 2005)(collecting cases).  This is exactly what ITS did.  After receiving just one letter from Intel, ITS filed the declaratory judgment action in this district, preemptively foreclosing any settlement opportunity.  The Court agrees with Intel that, as a matter of public policy, this conduct should be discouraged.  Agreeing to exercise jurisdiction over the declaratory judgment action, under these circumstances, would encourage trademark holders to immediately file trademark infringement actions without first attempting to resolve the dispute short of litigation.

      ITS also denies that it engaged in "forum shopping" as that term is commonly understood, *i.e.,* that the substantive law in this district was more favorable.  It simply argues that because it is an Ohio-based corporation, Ohio is the most convenient forum for it to litigate this dispute.  However, as the Sixth Circuit stated in AmSouth, "whether the forum chosen by the declaratory plaintiff is 'logical' can have only a minimal value in determining whether

procedural fencing has occurred.  The question is not which party has chosen the better forum, but whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first."  386 F.3d at 789.  In this case, it appears that ITS did just that.

For all of the reasons discussed above, the Court finds that the third factor weighs heavily against exercising jurisdiction over the declaratory judgment action.

> **D.  Whether the Use of a Declaratory Action Would Increase Friction Between Our Federal and State Courts and Improperly Encroach on State Jurisdiction**

The fourth factor is inapplicable since both actions filed by the parties are pending in federal district courts.

> **E.  Whether There Is an Alternative Remedy That Is Better or More Effective**

With respect to the fifth factor, the question is whether there is an alternative remedy that is better or more effective.  Clearly, it would be a waste of judicial resources to litigate this dispute in more than one forum.  The only question is which forum is most appropriate.  In International Union, UAW v. Dana Corporation, No. 33:99CV7603, 1999 U.S. Dist. LEXIS 22525 (N.D. Ohio Dec. 6, 1999), the court noted:

> Cases construing the interplay between declaratory judgment actions and suits based on the merits of underlying substantive claims create, in practical effect, a presumption that the first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit.  This exception to the first to file rule will be applied where the parties and issues are the same, or essentially so, and it appears that the first filed suit was brought in anticipation of forthcoming suit by the substantive plaintiff.

Id. at *17-18.  "[T]he real question for the court is not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a

13

comprehensive solution of the general conflict." Id. at *8 (quoting 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2758 (3d ed. 1998)).

It is this Court's belief that the broader, coercive action filed in California will provide a more effective avenue for resolving this matter in its entirety.  As the court noted in Albie's Foods, Inc. v. Menusaver, Inc., 170 F. Supp. 2d 736, 740 (E.D. Mich. 2001), "the fact that a coercive remedy has been invoked will help sharpen and refine the issues to be decided, which will include a full range of remedial measures."  See also AmSouth, 386 F.3d at 791 (citing Albie's).  Plaintiff's concerns can be adequately addressed in the context of the California litigation.[3]

### III. Conclusion

Balancing all relevant factors, the Court declines to exercise jurisdiction over this declaratory judgment action.  For the reasons stated above, the Court **GRANTS** Intel's motion to dismiss (Record at 6) and **DISMISSES** this action **WITHOUT PREJUDICE**.  Having decided that dismissal is warranted, the Court need not address Intel's alternative motion to transfer this action to the Northern District of California.

**IT IS SO ORDERED.**


Date: May 8, 2006                                    /s/ **John D. Holschuh**
                                                     John D. Holschuh, Judge
                                                     United States District Court

---

[3] While ITS suggests that the California court may not have personal jurisdiction over it, there is not enough evidence in the record for this Court to make that determination.